# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 29, 2009

Charles R. Fulbruge III
Clerk

No. 08-30828

LIFE INSURANCE COMPANY OF NORTH AMERICA

Plaintiff - Appellant

v.

DAVID A COMBE

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana

Before JOLLY, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

This case presents a relatively minor dispute. Combe, the recipient of disability benefits, asserts that he is entitled to receive his monthly benefit payments at the beginning of each covered month. The insurer, Life Insurance Company of North America ("LINA"), typically mails Combe's monthly benefit payments at the end of the covered month. After Combe executed a garnishment order, LINA filed this declaratory judgment action to resolve the dispute. The district court held that the monthly payments must be made in advance and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

granted Combe's motion for summary judgment. The court also awarded Combe his attorneys' fees and costs. LINA now appeals. Concluding that LINA is not required to pay the benefits in advance, we REVERSE and REMAND for entry of judgment in favor of LINA.

I.

Combe was a law librarian for the Tulane University Law School. Because of deteriorating health, Combe took a paid medical leave of absence in 2005. Nearing the end of his medical leave, and knowing that his condition would prevent him from returning to work, Combe applied for disability benefits under the Tulane University Long Term Disability Plan (the "Plan"). LINA, the underwriter for the Plan, denied Combe's claim. In October 2006, Combe filed an action pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, in the Eastern District of Louisiana for wrongful denial of disability benefits. After discovery, the district court granted Combe's motion for summary judgment. The district court's amended judgment specifically required:

> (1) Payment of monthly benefits in the amount of $6,389.21 per month from January 1, 2006 through the date of judgment, August 31, 2007, a total of $127,784.20, and further payments for as long as [Combe] qualifies as totally disabled under the Plan;
>
> (2) Payment of contributions on Combe's behalf to the Tulane University Pension Plan in the amount of $766.71 per month during the same period, a total of $15,334.20, and further payments for as long as he qualifies as totally disabled under the Plan;
>
> (3) Payment of legal interest from the date each of the two installments became due until paid; and

>        (4)    Reasonable attorney's fees, the amount to be
>        determined at a later date, and costs incurred pursuing
>        this litigation.

*Combe v. Life Ins. Co. of N. Am.*, No. 06-CV-8909 (E.D. La. Aug. 31, 2007).

In November, LINA sent Combe a check in partial satisfaction of the prior benefits owed under the amended judgment. LINA also notified Combe that it normally paid benefits monthly in arrears. Combe's counsel, however, demanded that LINA send the benefits before the first day of each month.

Despite this demand, LINA paid the November 2007, December 2007, and January 2008 benefits in arrears. Combe received the November benefits on December 11, the December benefits on December 29, and the January benefits on January 29. Dissatisfied with receiving payment at the end of each month, Combe filed an Ex Parte Motion for Payment by Garnishee on February 12, 2008. He sought his February benefit payment, which he asserted was due on February 1, and interest for the purportedly late November, December, and January payments. LINA did not contest the motion, and the district court ordered the garnishment.

LINA then filed this declaratory judgment action in the Eastern District of Louisiana seeking declarations that: (1) it is not required to pay the monthly benefits on the first day of the month; (2) Combe is not entitled to interest on payments made after the first of the month; and (3) benefits are timely so long as they are paid anytime in the month for which they accrue.

On cross-motions for summary judgment, the district court found in favor of Combe. Noting the phrase "from January 1, 2006" in the amended judgment and the court's earlier grant of Combe's garnishment motion, the court concluded that each monthly disability benefit payment is due on the first of the month. The court also awarded attorneys' fees and costs to Combe.

II.

We review the district court's grant of summary judgment *de novo*. *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The question presented in this case is whether LINA must pay the monthly benefits in advance of their accrual. Neither the amended judgment nor the Plan provide clarity on this issue. The Plan provides that "Disability Benefits will be paid at regular intervals of not less frequently than once a month." And the amended judgment requires "[p]ayment of monthly benefits in the amount of $6,389.21 per month from January 1, 2006 through the date of judgment . . . and further payments for as long as [Combe] qualifies as totally disabled under the Plan."

Combe relies on the phrase of the amended judgment "from January 1, 2006" and argues that, under this language, LINA must pay the benefits in all subsequent months by the first of each month. This argument fails because the reference to January 1, 2006 designates the time that benefits began to accrue, which was the day after Combe stopped receiving a salary from Tulane. The clause "[p]ayment . . . from January 1, 2006 through the date of judgment" does not mandate that future benefits must be paid on the first day of each month. The district court's conclusion to the contrary is erroneous.

Because the Plan affords LINA the discretion to interpret the terms of the Plan, LINA's interpretation is reviewed for abuse of discretion. *Ellis v. Liberty Life Assurance Co.*, 394 F.3d 262, 269 (5th Cir. 2004). Yet in this case, LINA is not interpreting a specific provision of the Plan; no provision of the Plan deals with this issue. Nonetheless, logistical matters, such as which day of the month

benefit payments will be sent, should likewise be reviewed, at most, for abuse of discretion.

We hold that LINA's determination to pay benefits in arrears is not an abuse of discretion. Among other reasons, arrears payment is necessary in the determination of whether benefits are actually owed for that month, that is, whether the monthly payment has accrued in full. Moreover, the disability benefits are designed to replace, in part, Combe's salary from Tulane, and such salaries are customarily paid in arrears. Thus, payments are timely so long as they are paid by the end of the month for which they accrue. We therefore REVERSE the district court's grant of summary judgment.[1] It follows that the district court's award of attorneys' fees is REVERSED.

## III.

For the above reasons, we REVERSE the district court's grant of summary judgment and award of attorneys fees, and REMAND for entry of judgment in favor of LINA, consistent with this opinion.[2]

REVERSED and REMANDED for entry of judgment.

---

[1] Combe further asserts that the issue in this declaratory judgment action is barred under the doctrine of *res judicata* because LINA failed to raise this issue in the original ERISA action. Combe's argument assumes that the amended judgment explicitly required LINA to pay future monthly benefits in advance. The amended judgment, as discussed above, did no such thing. Moreover, LINA could not have anticipated that Combe would so vigorously object to its customary payment schedule. Accordingly, we cannot fault LINA for failing to raise this issue earlier.

[2] Because the district court committed reversible error, this appeal is not frivolous. Combe's Rule 38 Motion for Damages and Double Costs is therefore DENIED.